<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0634n.06

Case No. 18-1406

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PATRICIA DENHOF, | ) | **FILED**<br>Dec 26, 2019<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF GRAND RAPIDS, MICHIGAN, | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**BEFORE: SUHRHEINRICH, BUSH, and READLER, Circuit Judges.**

**CHAD A. READLER, Circuit Judge.** This appeal is the latest, and perhaps final, chapter in litigation that dates back some seventeen years. In 2002, Plaintiff Patricia Denhof and a fellow police officer filed a complaint alleging that the City of Grand Rapids retaliated against them for their role in a prior state-law gender discrimination suit brought by female police officers. Following a trial on Denhof's retaliation claims, a jury awarded her back pay and compensatory damages, along with $1,276,920 in front pay. Payments on Denhof's front pay award continued until 2017, when the City notified Denhof that the award was fully paid.

At issue in this appeal is the district court's order granting Denhof reimbursement for expenses she incurred attempting to gain recertification as a police officer following her constructive termination by the City. The City disputes any obligation to pay for Denhof's

recertification expenses, claiming that the district court's order obligated the City to pay her expenses only in the event she actually obtained recertification. At issue in Denhof's related appeal, Case No. 18-1371, are (1) the district court's orders allowing the City to offset the costs of Denhof's employee benefits, including healthcare, pension contributions, and Medicare Supplemental Insurance, against her front pay award, and (2) the court's order denying Denhof's request for compensation for the 292 vacation hours she had accumulated in 2002, when she ceased to be a City employee.

Our resolution of this appeal turns on the district court's interpretation of its own prior orders. In that posture, we understandably afford deference to the district court and its years of experience with this litigation. Finding no abuse of discretion by the district court, we **AFFIRM.**

## I. BACKGROUND

With seventeen years of Title VII litigation behind them, the parties' long-running employment dispute appears to be drawing to an end. But not without two final appeals to this Court, both this case and Case No. 18-1371.

The litigation is well-documented. Denhof, then a police officer for the City of Grand Rapids, filed her federal complaint in April 2002 alleging retaliation by the City for a prior sex-discrimination suit filed by herself and other female police officers. Two years later, a jury found in Denhof's favor on her Title VII and state-law employment claims and awarded her damages, including front pay to compensate her for anticipated future damages. In 2005, the district court entered judgment in the case. In that judgment, the district court indicated that it would retain jurisdiction to manage issues arising in the enforcement of the judgment. The district court, however, later vacated its judgment and granted the City's motion under Federal Rule of Civil Procedure 50(b), entering judgment as a matter of law for the City, and conditionally ordering a

new trial pursuant to Federal Rule of Civil Procedure 50(c)(1). A divided panel of this Court subsequently reversed the district court's order. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 547 (6th Cir. 2007). In the decade that followed, the district court entertained a host of motions addressing various aspects of post-judgment enforcement.

This appeal arises from the district court's ruling on Denhof's motion to compel payment of mitigation costs. In that motion, Denhof sought reimbursement of expenses she incurred as part of her effort to be recertified as a police officer. Denhof paid for and successfully completed coursework offered through the Michigan Commission on Law Enforcement Standards ("MCOLES"), the state commission that oversees the licensing of police officers. Mich. Comp. Laws Ann. § 28.601, *et seq*. Obtaining an MCOLES recertification was a requirement for Denhof to obtain further work as a police officer. And seeking such employment seemingly was mandated by the 2005 judgment, which stated that Denhof should make efforts to mitigate her future damages by attempting to obtain similar employment.

The district court in 2010 ruled that "if [Denhof] can obtain recertification by taking tests or completing certain requirements, the City shall pay all costs that may be required for recertification." In seeking recertification, Denhof incurred $1,331.58 in recertification-related expenses. Denhof completed and passed all of the courses and tests required for MCOLES licensing. But she has not yet been recertified. On that basis, the City refused to reimburse Denhof's expenses.

The district court granted Denhof's motion to compel payment of her recertification expenses. The City then timely appealed the district court's order. In a separate opinion, we resolve Denhof's appeal related to her front pay award and vacation time. *See* Case No. 18-1371.

## II. ANALYSIS

The City's appeal challenges the district court's interpretation of its 2005 judgment and its subsequent 2010 order. Because the district court, in most instances, is best suited to interpret its own orders, we review its interpretation under an abuse of discretion standard. *See United States v. Thompson*, 925 F.3d 292, 297 (6th Cir. 2019). To find an abuse of discretion, we must be left with a "definite and firm conviction" that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 602 (6th Cir. 2018) (citations omitted).

The resolution of this appeal turns on the interpretation of a 2010 order in which the district court mandated that Denhof be reimbursed for her MCOLES recertification expenses:

> **MCOLES.** The Court will not require the City to notify MCOLES that there has not been a lapse in service for [Denhof] because that is not true. If [Denhof] can obtain recertification by taking tests or completing certain requirements, the City shall pay all costs that may be required for recertification.

R. 605, Order, PageID 8335. At issue is the interpretation of the word "can," as used in the second sentence of the order quoted above. Does that term require Denhof to actually obtain recertification before expenses are reimbursed? Or does it merely require that she attempt to become recertified by taking and passing all of the requisite coursework? As the parties agree that Denhof has not been recertified by MCOLES, the former reading would bar her request for reimbursement.

But we think the better reading is the latter. In the absence of a definitional section in a statute, order, contract or the like, we often look to contemporary dictionaries for interpretive guidance. The Oxford English Dictionary, for example, provides a variety of relative senses of the auxiliary verb "can" when used with a following bare infinitive (in this case, "to obtain"). Each

sense of the word reflects an individual's "capability" to complete a task, rather than his or her "completion" of the that task:

> With present tense *can* or past tense *could* with temporal function: 'know how (to do something)', (hence) 'be able to' (see senses 4, 5, 9, 10); expressing objective possibility, 'be permitted or enabled by the conditions of the case' (senses 6, 11); expressing permission or sanction, 'be allowed to' (senses 7, 12); and expressing a possible contingency, 'it is possible that I did or was' (senses 8 and 13, used only in negative and interrogative contexts in the present) . . . .

Oxford English Dictionary, "can, v.[1]" (online ed. Mar. 2017), *available at* https://www.oed.com/view/Entry/26857?rskey=JT7lPs&result=3#eid (last visited September 25, 2019). The Merriam-Webster Dictionary is to the same effect. It defines "can" to include to "be physically or mentally able to," "be made possible or probable by circumstances to," "be enabled by law, agreement, or custom to," and the like. Merriam-Webster Dictionary, "Can, Verb (1)." (online ed. Sept. 2019), available at https://www.merriam-webster.com/dictionary/can (last visited September 25, 2019).

For each of these senses in which the word "can" is used, the reader is directed to one's ability to do something, rather than a realized achievement. The use of "can" in the district court's order thus seems to mean that Denhof would be reimbursed for her certification expenses where there was no rule or procedure stopping her from doing so, and where there was no physical or other impediment to doing so. None of these entries for "can," it bears noting, indicate the actual completion of an action. And writing a provision requiring as much would not have been difficult. It would have been easy enough for the district court to explicitly require recertification as a condition precedent to receiving reimbursement. For example, the court could have said: "If Denhof obtains recertification . . . ." That phrasing would more directly require that Denhof actually obtain recertification, as a condition for reimbursement.

To our mind, then, the language of the 2010 order reveals two requirements for reimbursement: (1) that Denhof can obtain recertification, should she take the necessary tests and complete any other requirements; and (2) that the City will pay the costs incurred by Denhof, as long as they are costs required for recertification. We see no reason why Denhof cannot obtain recertification. Indeed, the City admits that Denhof is "certifiable if she were to be hired," another way of saying that she "can" be recertified.

The hearing preceding the January 2010 order at issue supports our conclusion. During that hearing, the City offered to pay for recertification expenses, if recertification was needed for reemployment: "I think the cost would be something we would bear if [Denhof has] to be recertified to get employment. I think that that's something that we would – that would be part of this equitable award that we're discussing, certainly, if that's what needs to be done." Nowhere in this exchange did the City ask the district court to require actual recertification as a prerequisite to reimbursement.

Accordingly, we find no abuse of discretion, as we are not left with a firm conviction that the district court erred in ordering the reimbursement of certification-related expenses incurred by Denhof. The judgment of the district court is therefore **AFFIRMED**.